**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

DIN YUAN STEVEN SUN,
an individual,

    Plaintiff,

v.

Defendant "1" a/k/a CHEN (JAY) HAN, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities, and/or Unincorporated Associations,

    Defendants.

CASE NO.

**COMPLAINT FOR VIOLATION OF THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Plaintiff, DIN YUAN STEVEN SUN, by and through undersigned counsel, sues Defendant "1" a/k/a CHEN (JAY) HAN, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations, and states as follows:

**PRELIMINARY STATEMENT**

1.    Defendants stole cryptocurrency from Plaintiff valued at approximately FIVE MILLION SIX HUNDRED EIGHTY-FIVE THOUSAND EIGHT HUNDRED EIGHTY-SIX DOLLARS ($5,685,886.00) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendants played a material role in the theft of Plaintiff's assets, and upon information and belief, Defendants currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages, including pursuant to 18 U.S.C. § 1961, et seq. (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

6. Plaintiff DIN YUAN STEVEN SUN is an individual, is *sui juris*, and is a resident and citizen of the Commonwealth of Puerto Rico.

7. Defendant "1" is an individual, is *sui juris*, is a foreign defendant in China, and is subject to the personal jurisdiction of this Court. Although Defendant "1" represented to Plaintiff that his name was CHEN (JAY) HAN, Plaintiff cannot confirm whether that was Defendant's name. Defendant "1" represented to Plaintiff that he was Chinese, and the parties' oral/video communications consistently demonstrated that Defendant was of Chinese descent and located in China.

8. Defendants JOHN DOE 1-20 are, as of yet, unidentified Individuals, Business Entities, And/or Unincorporated Associations, cohorts of Defendant "1," are *sui juris* and are subject to the personal jurisdiction of this Court.

9. At all times material hereto, Defendants, individually or jointly (in any combination), have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of, or a portion of, Plaintiff's stolen cryptocurrency currently sits.

10. Defendants are subject to personal jurisdiction in this district because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least the e-mail address (chch41541@gmail.com) and the fraudulent website (https://directedgeant.com/h5) accessible from Florida. Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.    Defendants Execute an International Cryptocurrency Theft Scheme.**

11. Plaintiff's communications with Defendant "1" occurred between Plaintiff and Defendant directly and also through Plaintiff's agent.

12. In or around late June 2022, Plaintiff's agent was contacted by Defendant "1" through WhatsApp, an online messaging service. Defendant "1" developed a relationship with Plaintiff's agent related to their common business interests and Defendant ultimately proposed cryptocurrency futures as a lucrative investment.

13. Defendant "1" recommended an allegedly lucrative Chinese cryptocurrency trading exchange, "DirectEdge," ostensibly accessible at the website (www.directedgeant.com).

3

14. In or around early November 2022, Plaintiff's agent shared Defendant 1's misrepresentations and investment proposal with Plaintiff.

15. Defendant "1" also misrepresented that Plaintiff could withdraw his profits from the exchange at any time.

16. Relying on Defendant 1's misrepresentations Plaintiff invested funds through Plaintiff's agent at the DirectEdge website.

17. Defendants "1" supported the above misrepresentations by texts (WhatsApp internet service and Instant Messaging) and e-mail (from chch41541@gmail.com).

18. Based on the misrepresentations of Defendant "1" that he had superior knowledge in cryptocurrency investing and based on Defendant's invitations to invest according to his advice, Plaintiff reposed his trust and confidence in Defendant "1" for guidance in Defendant's proposed investments.

19. The DirectEdge "platform" was not a genuine cryptocurrency exchange, it was a fraudulent website intentionally created to ensnare and steal from individuals. Although DirectEdge appears to be a legitimate business entity, it has no relationship with Defendant "1" or the ostensible website.

20. The fraudulent DirectEdge platform included a falsified dashboard that displayed increasing "fake" gains over Plaintiff's investments, on which - along with Defendant 1's encouragement, misrepresentations, and direction - Plaintiff relied to continue to transfer greater amounts of funds to the DirectEdge platform.

21. At all times, Defendant "1" orchestrated, i.e., directed or himself made, all of the fraudulent "exchange's" communications (i.e., misrepresentations) to Plaintiff, inducing him to make additional payments each time.

4

22. As set forth below, Plaintiff made increasing payments through Plaintiff's agent. When Plaintiff's agent attempted to withdraw Plaintiff's funds, however, the "exchange" successively froze the account for various fake reasons (for example, (1) that the account was allegedly flagged as money laundering and (2) that the account needed to be "certified"). Each time the "exchange" demanded that Plaintiff invest more money to unfreeze the account.

23. Plaintiff was never able to withdraw any of his funds and realized he had been the victim of fraud.

24. In all, Defendants stole the entirety of Plaintiff's funds, i.e., FIVE MILLION SIX HUNDRED EIGHTY-FIVE THOUSAND EIGHT HUNDRED EIGHTY-SIX DOLLARS ($5,685,886.00).

**B.     Plaintiff's Forensic Tracking of His Stolen Cryptocurrency.**

25. Cryptocurrency is a digital asset, which may be a medium of exchange, for which generation or ownership records are supported through a distributed ledger technology that relies on cryptography, such as a "blockchain." When a transaction is made on the blockchain, it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters given to every transaction verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

26. The subject Plaintiff's cryptocurrency consisted of USD Coin ("USDC"), an asset-backed cryptocurrency or "stablecoin" pegged to the U.S. Dollar. Stablecoins are a category of cryptocurrencies with mechanisms to maintain a stable value, such as by pegging

5

the coin's value to a specific currency, asset, or pool of assets or algorithmically controlling supply in response to changes in demand to stabilize value.

27. Under their scheme, Defendants converted Plaintiff's USDC to other cryptocurrencies ("DAI" and "Tether (USDT)") and distributed them through several cryptocurrency wallets.

28. DAI and USDT are also asset-backed cryptocurrencies or "stablecoins" with a value equivalent to the U.S. Dollar. USDT is backed by U.S. Dollars, while DAI maintains its value using collateralized debt denominated in Ether (ETH), a cryptocurrency generated by the "Ethereum" protocol.

29. Between November 7, 2022, and December 9, 2022, Plaintiff sent eight USDC cryptocurrency transactions to a first virtual wallet address controlled by Defendant 0x00078702440c895c91078c96bbd9d925847e07e4 ("Defendant Wallet 1") from Plaintiff's Coinbase Exchange account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Nov 7, 2022, 7:24:11 PM | 700,000 USDC | 0xb3364afd808420a3fb897af2d6395a4dc922bca8556a4fc673bfc0ed73fa1ae3 |
| Nov 18, 2022, 11:54:11 PM | 246,060 USDC | 0x68d3b9a845fb1e304236dae6b5ac7cc3b73d6f02ce44a3264ab1d8e0dc21e6be |
| Nov 21, 2022, 4:10:11 PM | 479,990 USDC | 0x62b66252a07261b4aed500bdaf7817da084aaa7290cc948a260092091669a428 |
| Nov 21, 2022, 7:24:11 PM | 750,000 USDC | 0x1563a30ff8a42f6543d826b65d9628d2b00950e4df5e93ebb7923c8125bd6fdc |
| Dec 3, 2022, 12:23:11 AM | 745,000 USDC | 0x4c359479b1b705dad0dd061492ce55144d9bdd859e22b642d5808e14d3487c92 |
| Dec 5, 2022, 4:51:23 PM | 750,000 USDC | 0x276597ddc4f3810fa5883c5d0b30d6e51741ade4072571209ac0c981249a01b8 |
| Dec 8, 2022, 11:49:11 PM | 405,000 USDC | 0x68dbebfe3bb2ba909dae1e7f51d27d7ab926104b5193cbe465abab865e3e064a |
| Dec 9, 2022, 12:26:11 AM | 400,000 USDC | 0xba7ceaf841da0c1bb17fdb44dcff8e9909dd68f0ce38d41604a0a0088c6b121a |
| **Sent to Wallet Address:** 0x00078702440c895c91078c96bbd9d925847e07e4 | | |

30. Between December 16, 2022, and December 31, 2022, Plaintiff sent USDC cryptocurrency transactions to a second virtual wallet address controlled by Defendant 0x0fc8da7807677044ffcb57b9f53bf5d2abe94065 ("Defendant Wallet 2") from Plaintiff's Coinbase exchange account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Dec 16, 2022, 7:25:11 PM | 499,980 USDC | 0x78a9cfffd9cec8ce079fe4ad9a51e28639289efb7424e36b1830b7e15586a56e |
| Dec 18, 2022, 9:35:11 PM | 9,899 USDC | 0xba71456d89d8bf23e8c02085f708821aa8b2e814f45528f96d37550c92544890 |
| Dec 23, 2022, 8:59:11 PM | 299,979 USDC | 0x34920646a6a1ef6b19d29a370a5914cc6e07689dc26cfc98f907ba26e66506e5 |
| Dec 31, 2022, 12:46:11 AM | 399,978 USDC | 0xf0da2a0f0fb6fa08dcd1e21fb3b691f9170b556ec794f964ad3b921c246aea11 |
| **Sent to Wallet Address: 0x0fc8da7807677044ffcb57b9f53bf5d2abe94065** | | |

31. Plaintiff's funds were traced through multiple wallets before landing on the following legitimate online cryptocurrency exchanges:

| BINANCE | | | |
|---|---|---|---|
| Sender Address | Date (UTC) | Amount | Receiver Address |
| Binance Deposit 0x5a3281defe42098148b409f1e54d3637739f081a | Dec 27, 2022, 7:00:11 PM | 420,000 USDT | Binance Exchange 0x28c6c06298d514db089934071355e5743bf21d60 |
| Binance Deposit 0x04c4e4c899891c6a676f70d1f1bdf907ab8155e4 | Dec 30, 2022, 8:30:11 AM | 120,000 USDT | |
| Binance Deposit 0x0fdaab700e1c9dc45bb36044c1c8d297eb48d867 | Jan 3, 2023, 3:12:47 PM | 1,004,497 USDT | |
| Binance Deposit 0x90abe5e1295d794c7c421fbfd7ab6cc7315d2abe | Nov 23, 2022, 5:00:35 AM | 3,000,000 USDT | |

| Sender Address | Date (UTC) | Amount | Receiver Address |
|---|---|---|---|
| Binance Deposit 0x72ff23b3b5c235aa099ae173ff46ed7d74dff4a2 | Nov 23, 2022, 4:00:47 AM | 200,000 USDT | Binance Exchange 0x28c6c06298d514db089934071355e5743bf21d60 |
| | Nov 23, 2022, 7:30:23 AM | 200,000 USDT | |
| | Nov 23, 2022, 8:00:23 AM | 500,000 USDT | |
| | Dec 12, 2022, 4:36:59 AM | 300,000 USDT | |
| Binance Deposit 0xbebd1a32d2dc59b8ab1372778cc244fb54060798 | Dec 12, 2022, 4:36:59 AM | 700,000 USDT | |
| Binance Deposit 0xb1697184f81b9370b84cb0f335d41051432eaef3 | Dec 12, 2022, 5:19:23 AM | 500,000 USDT | |
| Binance Deposit 0xc2b9c54a59fd10a118a6cb7bbfa10b737c43bcf4 | Feb 27, 2023, 12:30:35 PM | 317,344 USDT | |
| Binance Deposit 0xc383e037ab6872adae3ec35714b8d8cc46bea867 | Feb 23, 2023, 10:57:11 AM | 2,334,110 USDT | Binance Exchange 0x0e747eb2ff0f26fb77c3a1ea67ee07fac2dbb783 |

| OKX | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| OKX Deposit 0xe3bc1311b0ed4b070ee222f96ebeb1b697460386 | Nov 11, 2022, 8:24:11 PM | 223,000 DAI | OKX Exchange 0x6cc5f688a315f3dc28a7781717a9a798a59fda7b |
| | Nov 12, 2022, 6:18:23 AM | 217,700 DAI | |
| | Nov 12, 2022, 7:17:35 AM | 259,300 DAI | |
| | Nov 12, 2022, 7:46:47 AM | 258,600 DAI | |
| | Nov 12, 2022, 8:37:23 AM | 186,500 DAI | |
| | Nov 12, 2022, 9:29:11 AM | 254,900 DAI | |

| Kraken | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| Kraken Deposit 0x1c1a0bfcfd6663b986056659d996216a43d1af9e | Mar 5, 2023, 11:33:23 PM | 750,000 USDT | Kraken Exchange 0x89e51fa8ca5d66cd220baed62ed01e8951aa7c40 |
| | Mar 6, 2023, 4:46:47 AM | 586,000 USDT | |
| | Mar 7, 2023, 2:30:35 AM | 100,000 USDT | |
| Kraken Deposit 0xae69461b3eab555a88bec97b58232d32dea6b1f8 | Mar 6, 2023, 4:13:11 AM | 20,000 USDT | |
| | Mar 7, 2023, 5:50:47 AM | 600,000 USDT | |

| Circle.com | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| Circle.com Deposit 0x06837997193ee94012a0533cd35cec1d6149b7cc | Mar 7, 2023, 4:56:35 PM | 1,001,202 USDC | Circle.com Exchange 0x55fe002aeff02f77364de339a1292923a15844b8 |

| Coinhako | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| 0x54107a968eca67fb0697d8ff660424f03465aa8c | Mar 7, 2023, 11:03:11 AM | 415,824 USDC | Coinhako Exchange 0xa29e963992597b21bcdcaa969d571984869c4ff5 |
| | Mar 8, 2023, 5:02:35 AM | 774,900 USDC | |

| Bitfinex | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| 0xbbe1932529ad1a71539bad6c887674cb56764ed9 | Feb 27, 2023, 12:07:35 PM | 1,500,000 USDT | Bitfinex Exchange 0xdcfac7ec9cd4e5b2ac06267bb30ba6ae650f18fa |

32. Based on the above, Defendant converted: (a) 3,774,760 USDT valued at $3,774,760.00 (3,774,760 USDT × ($ 1.00 ÷ 1 USDT); (b) 750,000 USDC valued at $750,000.00 (750,000 USDC × ($ 1.00 ÷ 1 USDC); and (c) 700,000 DAI valued at $700,000.00 (700,000 DAI × ($ 1.00 ÷ 1 DAI), resulting in a combined total of FIVE MILLION TWO

9

HUNDRED TWENTY-FOUR THOUSAND SEVEN HUNDRED SIXTY DOLLARS ($5,224,760.00).

33. An additional 399,900 USDT valued at $399,900.00 was traced, but the investigation did not yield conclusive results.

34. Plaintiff traced his stolen cryptocurrency to cryptocurrency exchanges: Binance, Bitfinex, OKX, Coinhako, Kraken, and Circle.

35. Plaintiff suffered substantial damages.

36. If unchallenged, Defendants will continue their fraudulent international criminal crypto theft scheme of robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

## FULFILLMENT OF CONDITIONS PRECEDENT AND ENTITLEMENT TO ATTORNEY'S FEES

37. All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

38. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay a reasonable attorney's fee for their services. Plaintiff is entitled to an award of his attorney's fees against Defendants, among other things, under 18 U.S.C. § 1964(c).

## COUNT I
## RACKETEERING IN VIOLATION OF 18 U.S.C. § 1964

39. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 38 above as if fully and expressly set forth herein and further alleges as follows.

40. The operation of Defendant "1" and JOHN DOES 1 – 20 the other yet-to-be-identified parties, individually and through their fraudulent investment platform, DirectEdge,

10

in their sophisticated global internet cryptocurrency fraud and conversion scheme constitutes a racketeering operation.

41. Defendants directed and coordinated with other yet-to-be-identified parties (collectively the "DirectEdge Enterprise," "RICO Enterprise," or "Enterprise") within the meaning of 18 U.S.C. § 1961(4), which Enterprise was engaged in, or the affairs of which affected interstate and foreign commerce.

42. Defendants and the other yet-to-be-identified parties were also members of the RICO Enterprise, as each was a distinct person, separate and apart from each of the RICO Enterprise members.

43. The RICO Enterprise engaged in a pattern of racketeering activity.

44. As co-conspirators, the unlawful conduct of each member of the RICO Enterprise is attributed to every member, i.e., Defendants and the other yet-to-be-identified co-conspirators.

45. As set forth above, the RICO Enterprise engaged in the following predicate act of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C. § 1343.

46. The predicate acts set forth in this Complaint include defrauding Plaintiff through WhatsApp messaging, Instant Messaging and e-mails with Plaintiff.

47. Plaintiff's cryptocurrency transfers to Defendants' control were based on different misrepresentations. See Paragraphs 12 - 22 supra. Each misrepresentation constitutes a discrete act of racketeering resulting in discrete and different instances of damage to Plaintiff.

48. The predicate act set forth in this Complaint is related in that they have the same or similar purposes, results, participants, and methods of commission and are otherwise

11

interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitute a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

49. Defendant engaged in two or more predicated acts of racketeering within ten years and committed at least one such act after October 15, 1970.

50. The information that would establish further predicate acts and further acts of racketeering is solely within Defendants' control. However, given the global nature of their criminal scheme, with the great distances between (a) the members of the DirectEdge Enterprise, including Defendants, in China; and (b) their unsuspecting victims, including Plaintiff (e.g., throughout the United States, in this district, and throughout the world), the evidence will demonstrate the Enterprise members communicated with each other, with Plaintiff, with victims similarly situated to Plaintiff, through use of mail and/or wire. Plaintiff requires discovery to ferret out the further extent of predicate acts and other acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

51. Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the acquisition of an interest in, or in the establishment or operation of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

52. Defendants, through a pattern of racketeering activity, maintain, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in,

or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

53.     Defendants were associated with the RICO Enterprise and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

54.     Defendants and the other yet-to-be-identified parties entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

55.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff DIN YUAN STEVEN SUN demands that judgment be entered against Defendant "1" a/k/a CHEN (JAY) HAN, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations as follows:

(a)     damages;

(b)     statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

(c)     punitive damages;

(d)     costs, including reasonable attorney's fees, under 18 U.S.C. § 1964(c);

(e)     costs;

(f)     interest; and

(g)     such other and further relief as this Court deems just and proper.

## COUNT II
## CONVERSION

56. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 38 above as if fully and expressly set forth herein and further alleges as follows.

57. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

58. Defendants converted Plaintiff's funds to his own use or the use of others not entitled to it. They have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

59. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff DIN YUAN STEVEN SUN demands that judgment be entered against Defendant "1" a/k/a CHEN (JAY) HAN and JOHN DOES 1 – 20 for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

60. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 38 above as if fully and expressly set forth herein and further alleges as follows.

61. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

62. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

63. The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

64. Equity requires that Defendants return to Plaintiff the benefits he conferred upon them.

**WHEREFORE,** Plaintiff DIN YUAN STEVEN SUN demands that judgment be entered against Defendant "1" a/k/a CHEN (JAY) HAN and JOHN DOES 1 – 20 for equitable relief (see Count V below), alternatively for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

65. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 38 above as if fully and expressly set forth herein and further alleges as follows.

66. Based on the representations of Defendant "1" having superior knowledge in cryptocurrency investing and based on Defendant's invitations to invest according to their advice, Plaintiff reposed his trust and confidence in Defendant to guide him in Defendant's proposed investments.

67. As Plaintiff's accepted cryptocurrency investment advisors, Defendant "1" stood in a fiduciary relationship with Plaintiff. Plaintiff reposed trust and confidence in Defendant.

68. Defendant "1" owed Plaintiff the duty to act in the same manner as a reasonably prudent investment adviser.  Defendant owed Plaintiff the duty to avoid self-dealing, to avoid conflicts of interest, and not to allow the conversion of Plaintiff's assets.

69. Defendant "1" intentionally failed to perform these duties by conspiring to commit and committing the wrongful acts set forth in this Complaint.

70. Plaintiff has been damaged as a direct and proximate result of Defendant 1's breaches of fiduciary duty.

**WHEREFORE,** Plaintiff DIN YUAN STEVEN SUN demands that judgment be entered against Defendant "1" a/k/a CHEN (JAY) HAN for equitable relief (see Count V below), alternatively for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT V
## IMPOSITION OF A CONSTRUCTIVE TRUST
## AND DISGORGEMENT OF FUNDS

71. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 38 above as if fully and expressly set forth herein and further alleges as follows.

72. This is an action to impose a constructive trust upon the property taken from Plaintiff currently held by Defendants, individually or jointly in any combination, at cryptocurrency exchanges: Binance, Bitfinex, OKX, Coinhako, Kraken, and Circle.

73. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

74. As set forth above, Defendants -- through actual fraud, misappropriation, conversion, theft, breach of fiduciary duty, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

75. The cryptocurrency assets at issue are specific, identifiable property and have been traced to cryptocurrency exchanges: Binance, Bitfinex, OKX, Coinhako, Kraken, and Circle.

76. Any and all assets being held by Defendants, individually or jointly in any combination, at Binance, Bitfinex, OKX, Coinhako, Kraken, and Circle must be held in trust for Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

77. The cryptocurrency identified herein, which is being held by Defendants at Binance, Bitfinex, OKX, Coinhako, Kraken, and Circle, must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE,** Plaintiff DIN YUAN STEVEN SUN demands that judgment be entered against Defendant "1" a/k/a CHEN (JAY) HAN and JOHN DOES 1 – 20 demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendants in the identified, and any other, cryptocurrency wallet addresses, and further demands that the wrongfully obtained property be restored to Plaintiff.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: May 17, 2023								Respectfully submitted,


								THE CRYPTO LAWYERS
								*Attorneys for Plaintiff*
								848 Brickell Avenue, Penthouse 5
								Miami, Florida 33131
								Telephone: (305) 423-3514
								www.thecryptolawyers.com

								By: *s/ D. Fernando Bobadilla*
								D. Fernando Bobadilla, Esq., *Of Counsel*
								Fla. Bar No. 0136948
								fernando@thecryptolawyers.com


								By: *s/ Agustin M. Barbara*
								Agustin M. Barbara, Esq.
								Fla. Bar No. 1002677
								agustin@thecryptolawyers.com

18