# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-21855-RAR

DIN YUAN STEVEN SUN,
an individual,

      Plaintiff,

v.

Defendant "1" a/k/a CHEN (JAY) HAN, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations,

      Defendants.

## PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON FOREIGN DEFENDANT PURSUANT TO RULE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, DIN YUAN STEVEN SUN, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an order authorizing alternate service of process on Defendant "1" a/k/a CHEN (JAY) HAN and JOHN DOES 1 – 20 ("Defendants").  In support thereof, Plaintiff submits the following Memorandum of Law.

## I.    Procedural Stance

Plaintiff filed this action on May 17, 2023 [DE 1].  Defendants directed and coordinated with other yet-to-be-identified parties, collectively a RICO Enterprise within the meaning of 18 U.S.C. § 1961(4), to steal cryptocurrency from Plaintiff of a value of $5,685,886.00 pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.  *See* Complaint

("Compl.") [DE 1] at ¶¶ 1 through 31; *see also* Plaintiff's Declaration ("Plaintiff Decl.") [D 4-1] at ¶¶ 3 - 4, attached hereto as Exhibit "1."   Defendant's scheme follows a common structure identified on numerous occasions with numerous other victims.   *See* Exhibit "2" hereto, Declaration of Plaintiff's investigator Rodrigo M. Barbara ("Investigator Decl.") [DE 4-2] at ¶ 9. Among other things, Plaintiff seeks to discover the identity of Defendant 1's co-conspirators in the course of this action and to amend this Complaint.

On June 20, 2023, this Court ordered Plaintiff to perfect service on or before August 14, 2023.  See [DE 3].  As more fully set forth below, Plaintiff has a reasonable belief that Defendant is foreign.   Plaintiff's investigator Rodrigo M. Barbara declares that "since the filing of Plaintiff's Complaint [Plaintiff's investigator] ha[s] used all tools available . . . to attempt to secure viable contact information for the Defendant.   I did not have success except for tracking the Crypto Wallets where Defendant can be served." S*ee* Investigator Decl. [D 4-2] at ¶ 8.  Plaintiff submits he has exercised diligence in attempting to effectuate service.   If it please the Court to grant the instant Motion Plaintiff will effect service forthwith.

## II.   Introduction

Defendants have maintained and continue to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts ("Defendants' Crypto Wallets") in which all or a portion of Plaintiff's stolen cryptocurrency currently sits.  *See* Compl. [DE 1] at ¶ 9.  Plaintiff tracked the stolen cryptocurrency to the identified electronic wallets at cryptocurrency exchanges: Binance, FTX, OKX, and Kraken.  *See* Compl. [DE 1] at ¶¶ 29 through 32; *see also* Investigator Decl. [D 4-2] at ¶ 7, attached hereto as Exhibit "2."

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order authorizing service of process on Defendants via Non Fungible Token ("NFT") electronic transfer and via

website posting. Alternate service by NFT and by posting on a designated website are appropriate and necessary because Defendants and their co-conspirators operate their global internet cryptocurrency fraud and conversion scheme (1) via the Internet; and (2) via cryptocurrency blockchain electronic technology. Defendants rely on these electronic technologies to carry out the RICO Enterprise's unlawful communications and transfers.

As such, Plaintiff has the ability to contact Defendants directly and provide notice of Plaintiff's claims electronically via NFT and website posting. Plaintiff respectfully submits that an order allowing service of process and service of all filings via NFT and by website posting will benefit all parties and the Court by ensuring Defendants receive notice of the pendency of this action and allowing this action to move forward. Absent the ability to serve Defendants by NFT and/or by website posting, Plaintiff will almost certainly be left without the ability to pursue a remedy.

### III.        Statement of the Facts

#### A.        Defendant Has Valid Means of Electronic Contact.

Defendants are foreign entities who with their con-spirators operate a sophisticated global internet cryptocurrency fraud and conversion scheme. Defendants used, and use, electronic means of communication and transfer to convert cryptocurrency from victims in the United States such as Plaintiff. Plaintiff has tracked his stolen cryptocurrency to Defendants' Crypto Wallets. As a practical matter, the very mechanisms Defendants use to misappropriate and transfer cryptocurrency provides the nexus to effect service. *See* Compl. [DE 1] at ¶ 1.

**B.      Plaintiff's Service NFT and Service Website.**

"Non Fungible Tokens" were created as an alternative to traditional "fungible" digital assets such as cryptocurrencies.[1]   The term "digital assets" refers to assets generated and transferred using blockchain or distributed ledger technology, including cryptocurrencies, stablecoins, and non-fungible tokens.  *Id*.  Cryptocurrency is a "digital asset, which may be a medium of exchange, for which generation or ownership records are supported through a distributed ledger technology that relies on cryptography, such as a blockchain." *Id*.[2]  Fungible digital assets, such as cryptocurrencies, are not unique; rather, each token of a specific type of cryptocurrency is fundamentally the same as any other token of that cryptocurrency.  *Id*.  NFTs, on the other hand, are not identical.

Because NFTs are "non-fungible" they can be used to represent ownership of a wide variety of properties and property rights, from ownership of unique collectible virtual items (collectible NFTs) to ownership of physical or real property, equity in a company, or even a right to a revenue stream from a business.  *Id*.[3]  Collectible NFTs, for example, can take the form of

---

[1] OGE Informal Advisory Letter LA-22-05 (O.G.E.), 2022 WL 4078396, U.S. Office of Government Ethics, LEGAL ADVISORY TO A DESIGNATED AGENCY ETHICS OFFICIALS FINANCIAL DISCLOSURE REPORTING CONSIDERATIONS FOR COLLECTIBLE NON-FUNGIBLE TOKENS AND FRACTIONALIZED NON-FUNGIBLE TOKENS, July 15, 2022.

[2] (Citing Exec. Order No. 14,067, § (9)(c), 87 Fed. Reg. 14,143 (Mar. 14, 2022)).

[3] (*Citing, e.g., Lynne Lewis et al., Non-Fungible Tokens and Copyright Law,* 33 No. 8 Intell. Prop. & Tech. L.J. 18 (2021); Katya Fisher, *Once Upon A Time in NFT: Blockchain, Copyright, and the Right of First Sale Doctrine,* 37 Cardozo Arts & Ent. L.J. 629, 631 (2019); 10 Robert L. Haig, *Business and Commercial Litigation in Federal Courts* § 111:3 (5th ed. 2020); Anskika Bhall, *A Beginner's Guide to Non- Fungible Tokens, Blockchain Counsel, Insights & Resources,* https://www.blockchaincouncil.org/blockchain/a-beginners-guide-to-non-fungible-tokens-nft/ (last visited July 6, 2022);.Werner Vermaak, *What Is a Non-Fungible Token (NFT)?,* CoinMarketCap, https://coinmarketcap.com/alexandria/article/what-is-a-non-fungible-token-nft (last visited July 6, 2022).).

virtual artwork, music, video files, trading cards, digital real estate, or items in a virtual world.  *Id.*
The technology behind non-fungible tokens permits a wide variety of use beyond representing ownership.  *Id.*

Plaintiff has created an NFT ("Plaintiff's Service NFT") and a service website ("Plaintiff's Service Website").  Plaintiff's Service NFT contains (a) a notice of this action with Summons language, and (b) a hyperlink to Plaintiff's Service Website located at the Uniform Resource Locator (URL): (https://2no.co/23-cv-21855).  *See* Declaration of Plaintiff's counsel Agustin M. Barbara ("Barbara Decl.") [D 4-3] at ¶¶ 3 - 4, Exhibits "A" and "B," attached hereto as Exhibit "3."  Plaintiff's Service Website will also contain a notice of this action, and will contain hyperlinks to all filing and orders in this action.  *Id.*

Because NFT's are transferred via the blockchain, it is possible for Plaintiff to send Plaintiff's Service NFT to the blockchain (crypto ledger) wallet addresses where Plaintiff has tracked the cryptocurrency Defendant has stolen, i.e., Defendant's Crypto Wallets.  Just as a party might serve a Summons and Complaint by e-mail, it is possible to provide notice of an action via an NFT transfer.

To supplement NFT service, Plaintiff's Service Website will allow Defendant to access copies of all documents filed in this action.  A link to Plaintiff's Service Website will appear in the NFT.  In this manner, Defendant will receive notice via two (2) methods (the Service NFT and Service Website) and will be able to access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

## IV.    Argument

Foreign individuals may be served with process in any manner prescribed by Rule 4(f) which allows a district court to authorize an alternate method for service to be effected upon

foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. Here, alternate service of process via NFT and posting on Plaintiff's Service Website is appropriate given that Defendants rely on these electronic media for the operation of the subject global cryptocurrency fraud and conversion scheme. Accordingly, this Court should permit service on Defendants via NFT and posting on Plaintiff's Service Website.

**A.      The Court May Authorize Service via NFT and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *Rio Props. Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). "[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian,* Case No. 10-cv-60585-JIC, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting *Rio Props., Inc.,* 284 F.3d at 1014 and citing *Mayoral–Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that an order allowing an alternate means of service lies within the sole discretion of the District Court. *See Prewitt Enters., Inc.,* 353 F.3d at 921; *Rio Props., Inc.,* 284 F.3d at 1116; *see, e.g., Brookshire Bros., Ltd.,* 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); *In re Int'l Telemedia Assocs.,* 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service

for a particular case).  Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3).  *Rio Props., Inc.,* 284 F.3d at 1114-15; *see also Brookshire Bros., Ltd.,* 2007 WL 1577771, at *1.

In *Brookshire,* the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire Bros., Ltd.,* 2007 WL 1577771, at *1 (quoting *Rio Props., Inc.,* 284 F.3d at 1015). *Accord TracFone Wireless, Inc. v. Bitton,* 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy.").  Judge Cooke further held: "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief."  *Brookshire Bros., Ltd.,* 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way.  Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.,* 2007 WL 1577771, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc.,* 278 F.R.D. at 692; *Rio Props., Inc.,* 284 F.3d at 1016.  Accordingly, federal courts have allowed a variety of alternative service

methods, for example service by e-mail where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g., Rio Props., Inc.,* 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.,* 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website].").

Here, service on Defendants by NFT will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims.

### B.     The Most Reliable Means to Provide Defendants Notice of this Action is by NFT Service and Website Posting.

Based on Plaintiff's investigation, Defendants have at least one form of electronic means of contact, to wit the blockchain crypto wallet address where Defendants transferred and hold Plaintiff's stolen currency, i.e., the address used to defraud Plaintiff.  This demonstrates that this means of contact is not just effective, but the most reliable means of communicating with the Defendants, and consequently, the most reliable means of providing Defendants with notice of this action. (Barbara Decl. ¶¶ 6-10); (Investigator Decl. ¶ 7); (Plaintiff Decl. ¶¶ 9-10).  Moreover, service by posting on Plaintiff's Service Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint, and all other documents in this matter electronically via their Internet browser. (Barbara Decl. ¶¶ 4; 8-11)

As of June 2022, at least one court authorized alternate service by NFT and website posting. *See LCX AG v. John Doe Nos. 1-25*, No. 154644/2022 (Sup. Ct. N.Y. Co. – Filed 06/01/2022). That case involved the theft of nearly $8 million worth of assets on the Ethereum blockchain. The New York Supreme Court authorized plaintiff to serve Defendant with a temporary restraining order (TRO) in the form of an NFT. The NFT contained a hyperlink to plaintiff's website containing the Summons and pleadings. *See LCX AG vs. John Doe Nos. 1-25 | Holland & Knight (hklaw.com)*. Accordingly, plaintiff effected service by airdropping the NFT to a cryptocurrency wallet address used to store the stolen cryptocurrency.

Most recently, this Court (Honorable Beth Bloom) also authorized the relief requested here in two (2) actions against similar Defendants orchestrating a cryptocurrency theft scheme on all fours with the subject scheme - again the scheme structure is alarmingly common and growing. *See Rangan Bandyopadhyay v. Defendant "1" a/k/a SUXIA OBEI a/k/a SASHA, et al.*, 2022 WL 17176849 (S.D. Fla. November 23, 2022); *see also Benjamin Arthur Bowen v. Xingzhao Li A/K/A Aida Top A/K/A Yang Lei Lei*, 2023 WL 2346292 (S.D. Fla. Mar. 3, 2023).

It is incumbent to the ends of justice that the courts meet bad actors where they operate under cloak of technology. Blockchain NFT service on a defendant who himself uses the specific medium (i.e., the blockchain) to defraud unwary victims is appropriate and constitutionally acceptable in this case. *See Rio Props., Inc.,* 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond— but in this case, it was the method of service most likely to reach [the defendant]."); *see also Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule

is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases.  Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted). The *Rio Properties, Inc.* and *Popular Enters., LLC* courts each determined e-mail service, for example, to be appropriate in part because, as in this case, the Defendant conducted their scheme online, used the electronic medium regularly in their scheme, and encouraged the victim Plaintiff to contact them via that electronic medium.  *Id.*

In analogous cases, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw."  *Rio Properties, Inc.,* 284 F.3d at 1018; *see also Chanel, Inc. v. Zhixian,* 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendant of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.,* 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the Defendant of the action and give it an opportunity to respond); *Popular Enters., LLC,* 225 F.R.D. at 563 (same); *In re Int'l Telemedia Associates,* 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules.  Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party" (concluding e-mail and facsimile service to be appropriate)); *Chanel, Inc. v. Zhibing,* Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (granting e-mail service, for example, because e-mail service has the "greatest likelihood" of reaching the Defendant and

noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages.").[4] Allowing electronic (NFT and website) service here is appropriate and comports with constitutional notions of due process, particularly given Defendant's decision to conduct the illegal business using the Internet and utilizing their crypto wallet address as a primary means of their theft.

Additionally, service of a defendant by posting on a designated website, such as Plaintiff's Service Website, has been deemed an appropriate means of service by posting. *See National Association for Stock Car Auto Racing, Inc.*, 584 F. Supp. 2d at 826.[5]  A proposed method of

---

[4] *See Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 21-cv-60813-RAR (S.D. Fla. Apr. 19, 2021) (Order authorizing alternate service of process, *inter alia*, via email); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 21-cv-60308-RAR (S.D. Fla. Feb. 9, 2021) (same); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 20-cv-62121- RAR (S.D. Fla. Nov. 3, 2020) (same); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61558-RAR (S.D. Fla. Aug. 26, 2020) (same); *MPL Communications Limited v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61418-RAR (S.D. Fla. July 17, 2020) (same); *adidas AG v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61146-RAR (S.D. Fla. June 16, 2020) (same); *see also Richemont Int'l SA v. Cartierlove2u.com,* Case No. 19- 61968-CIV-DIMITROULEAS, 2019 U.S. Dist. LEXIS 170355 (S.D. Fla. Aug. 8, 2019) (same); *Malletier v. Individuals,* Case No. 19-61021-CIV-COOKE, 2019 U.S. Dist. LEXIS 170354 (S.D. Fla. April 26, 2019) (Hunt, J.) (same).

[5] *See also Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 21-cv-60813-RAR (S.D. Fla. Apr. 19, 2021) (Order granting alternative service via e-mail service and by posting on plaintiff's designated website); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 21-cv-60308-RAR (S.D. Fla. Feb. 9, 2021) (same); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 20-cv-62121-RAR (S.D. Fla. Nov. 3, 2020) (same); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61558-RAR (S.D. Fla. Aug. 26, 2020) (same); *MPL Communications Limited v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61418-RAR (S.D. Fla. July 17, 2020) (same); *adidas AG v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61146-RAR (S.D. Fla. June 16, 2020) (same); *see also Richemont Int'l SA v. Cartierlove2u.com,* Case No. 19-61968-CIV-DIMITROULEAS, 2019 U.S. Dist. LEXIS 170355 (S.D. Fla. Aug. 8, 2019) (same); *Malletier v. Individuals,* Case No. 19-61021-CIVCOOKE, 2019 U.S. Dist. LEXIS 170354 (S.D. Fla. April 26, 2019) (Hunt, J.) (same).

website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *National Association for Stock Car Auto Racing, Inc.,* 584 F. Supp. 2d at 826 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).  In *National Association for Stock Car Auto Racing, Inc. v. Does*, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" Defendants and apprise those Defendants of a pending preliminary injunction hearing by posting on the plaintiff's website.  *Id.*

Accordingly, Plaintiff created Plaintiff's Website where Plaintiff will post links to copies of the Summons, Complaint, and other filings and Orders in this action. (Barbara Decl. ¶ 4).  The address for Plaintiff's Website will be provided to Defendants via the NFT transfer Defendants' Crypto Wallet, and will be included as part of service of process in this matter. (*Id.*)  Plaintiff respectfully submits that alternative service by posting the Summonses, Complaint, and other papers on Plaintiff's Website will provide notice to Defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

### C.  Service of Process Via Electronic Means Are Not Prohibited by International Agreement.

Service via NFT and posting on Plaintiff's Service Website is not prohibited by international agreement.  Based upon the information provided by Defendants themselves in the course of the scheme, Plaintiff has reasonable belief that Defendants are residing in the People's Republic of China ("China"). (Plaintiff Decl. ¶ 5-8).  The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil

and Commercial Matters (the "Hague Service Convention").  (Barbara Decl. ¶ 15 and Comp. Ex.

"C") thereto, Hague Service Convention and list of signatory Members.)  The Hague Service

Convention does not preclude the court from authorizing service of process via electronic means,

e.g., via e-mail, NFT, or posting on a designated website.  Thus, here, there are no international

agreements prohibiting service by blockchain NFT service, or posting on a designated website.

(*Id.*)

Alternative means of service, such as e-mail for example, ___**is not**___ prohibited by the Hague

Service Convention where a signatory nation has not expressly objected to those means.  *See Stat*

*Med. Devices, Inc. v. HTL-Strefa, Inc.,* Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS

122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set

forth in the Hague Convention is limited to the forms of service expressly objected to).[6]  Article

10 to the Hague Service Convention allows service of process through means other than a

signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State

of destination does not object to those means.  *See* Hague Convention, Art. 10, 20 U.S.T. 361

(1969).  China has objected, either fully or partially, to the alternative means of service outlined in

---

[6] *See Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 21-cv-60813-RAR (S.D. Fla. Apr. 19, 2021) (authorizing e-mail service and by posting on plaintiff's designated website, noting an objection to the alternative means of service provided by the Hague Convention is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or posting); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 21-cv-60308-RAR (S.D. Fla. Feb. 9, 2021) (same); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 20-cv-62121-RAR (S.D. Fla. Nov. 3, 2020) (same); *Chanel, Inc. v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61558-RAR (S.D. Fla. Aug. 26, 2020) (same); *MPL Communications Limited v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61418-RAR (S.D. Fla. July 17, 2020) (same); *adidas AG v. Individuals, P'ships & Unincorporated Ass'ns,* Case No. 20-cv-61146-RAR (S.D. Fla. June 16, 2020) (same); *see also Richemont Int'l SA v. Cartierlove2u.com,* Case No. 19-61968-CIV-DIMITROULEAS, 2019 U.S. Dist. LEXIS 170355 (S.D. Fla. Aug. 8, 2019) (same); *Malletier v. Individuals,* Case No. 19-61021-CIV-COOKE, 2019 U.S. Dist. LEXIS 170354 (S.D. Fla. April 26, 2019) (Hunt, J.) (same).

Article 10 of the Convention.  (Barbara Decl. ¶ 14).  However, these objections are specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via NFT or website posting.  (*See id.* and Compl. Ex. 1 thereto, which includes a true and correct printout of China's Declaration/Reservation/Notification in regards to the Hague Convention.)  Because the declarations to the Hague Convention filed by China do not object to NFT or website posting, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]."  *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *see also WhosHere, Inc. v. Orun,* Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a prohibitive objection to other forms of service, such as NFT or website posting.  *See In re S. African Apartheid Litig.,* 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service).  Consequently, China's objections to the means of alternative service provided in Article 10 are no bar to court-directed service and does not prevent this Court from authorizing alternative service of process via NFT or website posting.  *See, e.g., Gurung,* 279 F.R.D. at 220 (approving service of process on foreign Defendant via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); *Stat Med. Devices, Inc.,* 2015 U.S. Dist. LEXIS 122000, at *8-9 (permitting service of process on foreign Defendant via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts

have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); *FTC v. PCCare247 Inc.,* Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *WhosHere, Inc.,* 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign Defendant via e-mail despite Turkey's objection to Article 10); *Richmond Techs., Inc. v. Aumtech Bus. Solutions,* Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies.  This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

## V.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present motion, direct the Clerk to issue a Summons, and authorize service of the Summons and Complaint in this matter upon Defendants in this action:

(1)    via blockchain transfer of Plaintiff's Service NFT to Defendant's Crypto Wallet address (providing Notice, Summons language, and a hyperlink to Plaintiff's Service Website); and

(2)    via website posting by posting a copy of the Summonses, Complaint, and all filings in this matter on Plaintiff's Service Website appearing at the URL (https://uscourtservice.com/21855).  *See* Plaintiff's Proposed Order, attached hereto as Exhibit "4."[7]

---

[7] Plaintiff submits the Proposed Order in Word format via e-mail also.

Dated: July 7, 2023          Respectfully submitted,

THE CRYPTO LAWYERS
*Attorneys for Plaintiff*
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: (305) 423-3514
www.thecryptolawyers.com

By: *s/ D. Fernando Bobadilla*
D. Fernando Bobadilla, Esq., *Of Counsel*
Fla. Bar No. 0136948
fernando@thecryptolawyers.com


By: *s/ Agustin M. Barbara*
Agustin M. Barbara, Esq.
Fla. Bar No. 1002677
agustin@thecryptolawyers.com