# EXHIBIT "4"

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-21855-RAR

DIN YUAN STEVEN SUN,
an individual,

    Plaintiff,

v.

Defendant "1" a/k/a CHEN (JAY) HAN, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations,

    Defendants.

***[PROPOSED]* ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON FOREIGN DEFENDANTS PURSUANT RULE 4(f)(3)**

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) [DE 4] ("Motion"). The Court has carefully reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff, DIN YUAN STEVEN SUN, filed a Complaint for claims including for Violation Of The Racketeer Influenced and Corrupt Organizations Act. [DE 1]. Plaintiff alleges Defendants stole cryptocurrency from Plaintiff of a value of $5,685,886.00 pursuant to a sophisticated global

internet cryptocurrency fraud and conversion scheme.  *See* Plaintiff's Declaration ("Plaintiff's Decl.) [DE 4-1] at ¶¶ 3-4.  Plaintiff presents the Declaration of an investigator confirming Plaintiff tracked the stolen cryptocurrency to certain electronic cryptocurrency wallets and cryptocurrency exchange accounts ("Defendants' Crypto Wallets").  *See* Declaration of Plaintiff's investigator Rodrigo M. Barbara [DE 4-2] ("Investigator Decl.") at ¶ 7).

Plaintiff contends that Defendants operate via the Internet and utilize crypto blockchain ledger technology, i.e., electronic means, as reliable forms of contact.  *See* Declaration of Agustin M. Barbara [DE 4-3] ("Barbara Decl.") at ¶¶ 6-10; *see also* Plaintiff's Decl. at ¶ 9-10.

Plaintiff has good cause to believe that Defendants are residents of the People's Republic of China ("China").  *See* Plaintiff's Decl. at ¶¶ 5-8.

Plaintiff has created an NFT ("Plaintiff's Service NFT") and a service website ("Plaintiff's Service Website").  Plaintiff's Service NFT contains (a) a notice of this action with Summons language, and (b) a hyperlink to Plainitff's website located at the Uniform Resource Locator (URL): (https://uscourtservice.com/21855).  *See* Barbara Decl. at ¶¶ 3-5, Exhibits "A" and "B."  Plaintiff's Website also contains a notice of this action, and will contain hyperlinks to the Summons, Complaint, and all filing and orders in this action.

Plaintiff seeks leave to send Plaintiff's Service NFT to the blockchain (crypto ledger) addresses of Defendants' Crypto Wallets.   Plaintiff seeks leave to also serve Defendants via Plaintiff's Service Website.

## ANALYSIS

Service by NFT transfer and via posting on a designated website is not prohibited under international agreement.  Although the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters,

2

Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process via NFT or by posting on a designated website.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by NFT or website posting does not violate an international agreement.

Further, NFT and posting on a designated website are reasonably calculated to give notice to Defendant. By way of example, Plaintiff cites a catalog of cases where courts have granted leave for a plaintiff to serve by e-mail and by website posting (*see* Mot. pg. 11 n. 4; pg. 13 n. 6).

Here, Defendants conducted their scheme using electronic means over the Internet and using cryptocurrency blockchain ledger technology. Plaintiff shows NFT or website posting are likely to reach Defendants. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017−18 (9th Cir. 2002).

Plaintiff has shown good cause why leave should be granted to allow service of any summonses, the Complaint, all filings, orders and discovery in this matter on Defendant via NFT or posting on Plaintiff's designated website. Thus, for the foregoing reasons, it is hereby

4

**ORDERED AND ADJUDGED** that Plaintiff's Motion [DE 4] is **GRANTED** as follows:

1. Plaintiff may serve the summonses, Complaint, and all filings and discovery in this matter upon Defendants via transfer of Plaintiff's NFT to Defendants' Crypto Wallets which provides notice of this action and directs Defendants to Plaintiff's Website; or

2. Plaintiff may serve the Summonses, Complaint, and all filings and discovery in this matter upon Defendants via website posting by posting a copy of the same on Plaintiff's designated serving notice website appearing at the following URL: (https://uscourtservice.com/21855).

3. The Clerk is directed to issue a Summons consistent with the foregoing.

**DONE AND ORDERED** in Miami, Florida, this _____, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**